

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

        Opinion No. O-3822
        Re: Are Articles 5168, R. C. S.,
        and 1572, P. C., still appli-
        cable to female employees that
        are employed in canning plants
        that ship part or all of their
        products in interstate com-
        merce?

        This will acknowledge receipt of your inquiry as stated above. As we understand your question, you wish to know the effect, if any, of the Federal Fair Labor Standards Act of 1938 (Chap. 676, 3rd Session, 75th Congress; 52 Stat. 1060; 29 U. S. C. A. [ ] 201-219), upon enforcement of the provisions of our State laws contained in Articles 5168, Revised Civil Statutes, and 1572, Penal Code of Texas.

        Said Texas statutes read as follows:

        Article 5168, Revised Civil Statutes:

        "No female shall be employed in any factory, mine, mill, workshop, mechanical or mercantile establishment, hotel, restaurant, rooming house, theater, moving picture show, barber shop, tele- graph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enter- prise where females are employed, for more than nine hours in any one calendar day, nor more than fifty-four hours in any one calendar week."

Article 1572, Penal Code, as amended Acts 1933, 43rd Leg., p. 285, ch. 114:

"Any employer, overseer, superintendent, foreman or other agent of any such employer who shall permit any female to work in any place mentioned in the first Article of this Chapter more than the number of hours provided therein in any one (1) day of twenty-four (24) hours or in any one (1) week, or who shall violate any of the other provisions or requirements of this Chapter in any respect, or who having furnished and provided suitable seats as provided for in the second Article of this Chapter, shall by intimidation, instruction, threats, or in any manner prevent such female from sitting thereon, when not attending the duties of her position, shall be fined not less than Fifty Dollars ($50.00) nor more than Two Hundred Dollars ($200.00). Each day of such violation and each calendar week of such violation, and each such employee permitted to work in said places more than the hours so specified in this Chapter, and every other violation of the provisions of this Chapter shall be considered a separate offense."

Article 1569, Penal Code, as amended by Acts 1933, 43rd Leg., p. 285, ch. 114, reads as follows:

"No female shall be employed:

"1. In any factory, mine, mill, workshop, mechanical or mercantile establishment, hotel, restaurant, rooming house, theater, moving picture show, barber shop, beauty shop, road side drink and/or food vending establishment, telegraph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enterprise where females are employed, for more than nine (9) hours in any one (1) calendar day nor more than fifty-four (54) hours in any one (1) calendar week.

"2. In any laundry or cleaning and pressing establishment for more than fifty-four (54)

hours in one (1) calendar week; the hours of work to be so arranged as to permit the employment of such female at any time so that she shall not work more than a maximum of eleven (11) hours during the twenty-four (24) hour period of one (1) day.

"3. In any factory engaged in the manufacture of cotton, woolen or worsted goods or articles of merchandise manufactured out of cotton goods, for more than ten (10) hours in any one (1) calendar day nor more than sixty (60) hours in any one calendar week."

The applicable provisions of the Federal Fair Labor Standards Act are contained in subsection (a), Section 7 of the Act, 29 U. S. C. A. | 207(a), and are here copied:

"(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce –

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date, or

"(3) for a workweek longer than forty hours after the expiration of the second year from such date,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." (Underscoring ours)

Section 15 of the Federal statute, supra, ( | 215, 29 U. S. C. A.) defines the prohibited acts and declares it unlawful to violate Section 7 (29 U. S. C. A. | 207); while Section 16 (29 U. S. C. A. | 216) prescribes the penalties,

criminal as well as civil. For a willful violation the accused is subject to fine of not more than $10,000.00 or to imprisonment for not more than six months, or both.

Section 256 of the Judicial Code of the United States, as amended, (U. S. C. A. ] 371) contains the following language:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:

"First, of all crimes and offenses cognizable under the authority of the United States."

The effect of this statute is to give exclusive jurisdiction to the courts of the United States over offenses defined and made punishable by Federal law, and unless provision is made for concurrent jurisdiction by express language, positively excludes prosecution in the State courts. See Martin v. State, 124 Tex. Cr. R. 246, 61 S. W. (2d) 999; Cross v. State, 10 S. Ct. 47, 132 U. S. 131, 33 L. Ed. 287; Thomas v. Loney, 10 S. Ct. 584, 134 U. S. 372, 33 L. Ed. 949, and many other cases both Federal and State, collated in notes 28 U. S. C. A. ] 371.

Reverting to the provisions of the Federal Fair Labor Standards Act, supra, it is observed that the law does not limit the number of hours which an employer engaged in interstate commerce might require his employees to work during each week, but it does require that such employees as are compelled to work for a longer period of hours than the maximum prescribed must be paid additional compensation. Note the underscored portion of the statute copied above. On the other hand, the Texas statutes relating to female employees <u>prohibit</u> the employer from extending the hours of employment beyond the maximum designated, regardless of compensation or contract. The purpose of the Federal Act is discussed in the case of Black Mountain Corporation v. Adkins, 280 Ky. 617, 133 S. W. (2d) 900, and the opinion in that case makes it clear to us that the Congress of the United States has not, as yet, divested the sovereign State of Texas of its power and right to enforce the above quoted statutes.

You are therefore respectfully advised that Articles 5168, Revised Civil Statutes, and 1569 to 1572 of the Penal Code are still in full force and effect, irrespective of the accuracy of the ruling mentioned by you by the Wage and Hour Division, United States Department of Labor, that the Federal Fair Labor Standards Act of 1938 applies to canning plants that ship part or all of their products in interstate commerce.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 7 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By
Benjamin Woodall
Assistant

BW:CO

